(No. 41309.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* T. G. HOWELL, Appellant.

*Opinion filed January 21, 1970.*

WARD, J., took no part.

HARRY POPPY, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and PATRICK T. DRISCOLL, JR., Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Burt delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County. The issue on this appeal is whether the trial court committed error in admitting testimony of a police officer relating to the voluntary statements made by the defendant prior to his arrest and without being warned of his constitutional right to an attorney and to remain silent.

The defendant was tried and convicted of murder on November 21, 1966, and sentenced to 14 years to 14 years and one day by the trial court. A motion to suppress testimony of a police officer was denied and the evidence regarding the defendant's statements to the police officer was introduced at the trial.

The defendant voluntarily presented himself at the 10th District Police Station, Chicago, Illinois, and stated to one of the officers present, Edward Anderson, that he had shot a man on Washburn Avenue, and that he wanted to turn himself in. He also indicated the reason for the shooting was that the victim had caused an injury to his eye two nights earlier. The officer, Edward Anderson, asked the defendant, Howell, if he would accompany him to the scene of the shooting to check on his story. When they returned to the scene, a witness to the shooting identified the defendant as the man that had done the shooting. The defendant was then placed under arrest and returned to the 10th District Police Department. There is no dispute that Officer Anderson did not advise the defendant at the 10th District Police Station, initially nor at the scene of the shooting, that he had the right to remain silent and have an attorney present.

The defendant was tried and convicted of murder approximately four months after the Supreme Court's decision in *Miranda* v. *Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. The rules set down in the *Miranda* decision, therefore, apply to this case. In the *Mi-*

*randa* decision, the Supreme Court made it clear that statements stemming from custodial interrogation of a defendant may not be used unless procedural safeguards to effectively secure the privilege against self-incrimination have been followed. At page 444 (U.S.), the court summarized: "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant, unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." The Supreme Court in the *Miranda* decision then went on to define custodial interrogation as follows: "By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."

At the time the defendant originally presented himself at the 10th District Station there is no showing that the defendant was 'in custody." It is important to note in the *Miranda* decision that the Supreme Court of the United States did not make all confessions obtained through interrogation inadmissible. The court stated at page 478: "In dealing with statements obtained through interrogation, we do not purport to find all confessions inadmissible. Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."

The conduct of the defendant fits exactly within this statement in *Miranda*. He presented himself voluntarily at the 10th District Police Station and was referred to a detective who was present in the police station. He then indicated that he had shot a man on Washburn Avenue and that he wanted to turn himself in. There is no showing at that time that the defendant was in custody and, in fact, the *Miranda* decision indicates that volunteered statements of this type are admissible.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.